1  GREENBERG TRAURIG, LLP
   MATTHEW S. STEINBERG (SBN 82969)
2  STEVE P. HASSID (SBN 219913)
   2450 Colorado Avenue, Suite 400 East
3  Santa Monica, California 90404
   Telephone: (310) 586-7700
4  Facsimile: (310) 586-7800
   Email: steinbergm@gtlaw.com; hassids@gtlaw.com
5
   Attorneys for Defendant
6  Ultimate Blackjack Tour, LLC

7

8                  UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 | MMJK, Inc.,                      | CASE NO. C 3:07-CV-03236-BZ
12 |        Plaintiff,                | ANSWER, AFFIRMATIVE DEFENSES
                                      | AND COUNTERCLAIM OF DEFENDANT
13 | vs.                              | ULTIMATE BLACKJACK TOUR, LLC
14 | ULTIMATE BLACKJACK TOUR, LLC     |
15 |        Defendant.                | [DEMAND FOR JURY TRIAL]
16 |                                  | JUDGE:   Hon. Bernard Zimmerman
17 | AND RELATED COUNTERCLAIM.        |

## ANSWER

Defendant Ultimate Blackjack Tour, LLC ("UBT") hereby answers the complaint of Plaintiff MMJK, Inc. ("MMJK") as follows:

1. UBT is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 1 of MMJK's complaint, and on that basis, denies the allegations.

2. Answering the allegations of paragraph 2 of MMJK's complaint, UBT admits and alleges that it is a California limited liability company.

3. UBT admits the allegations of paragraph 3 of MMJK's complaint.

4. UBT denies the allegations of paragraph 4 of MMJK's complaint.

5. Answering the allegations of paragraph 5 of MMJK's complaint, UBT admits that on August 22, 2006, the United States Patent and Trademark Office ("PTO") granted a patent no. US 7,094,154B2 (the '154 patent) entitled "Computerized Networked Game System Utilizing Subscription Based Membership Alternative Methods of Entry" and admits that the patent was granted to Jason B. Kellerman and to Marc E. Martin. UBT also admits and alleges that Jason B. Kellerman is the President and CEO of MMJK. UBT is without knowledge sufficient to form a belief as to the remaining allegations of paragraph 5 of MMJK's complaint, and on that basis denies the allegations.

6. Answering paragraph 6 of MMJK's complaint, UBT admits that it operates Websites www.playubt.com and www.clububt.com that offer the opportunity to play computer games online, as well as many other opportunities and services. UBT denies the remaining allegations of paragraph 6 and it specifically denies that its conduct violates any law.

7. UBT denies generally and specifically all the allegations of paragraph 7 of MMJK's complaint.

8. UBT denies generally and specifically all the allegations of paragraph 8 of MMJK's complaint.

9. UBT denies generally and specifically all the allegations of paragraph 9 of MMJK's complaint.

/ / /

/ / /

## AFFIRMATIVE DEFENSES

For its affirmative defenses, UBT alleges:

### FIRST AFFIRMATIVE DEFENSE

### (Invalidity)

10. The '154 patent is invalid for lack of novelty and for obviousness.

### SECOND AFFIRMATIVE DEFENSE

### (Noninfringement)

11. UBT has not infringed and does not infringe the '154 patent.

### THIRD AFFIRMATIVE DEFENSE

### (Prosecution Estoppel)

12. The '154 patent is unenforceable by MMJK because the patent was obtained by artifice, deceit and fraud upon the PTO. Plaintiff is barred from relief by the doctrine of prosecution estoppel based on the statements, admissions, representations and omissions in proceedings before the PTO during the prosecution of the '154 patent.

### FOURTH AFFIRMATIVE DEFENSE

### (Illegality)

13. MMJK is utilizing the '154 patent in a manner that is in violation of gambling and sweepstakes laws of the United States and of many states.

### FIFTH AFFIRMATIVE DEFENSE

### (Patent Misuse)

14. MMJK knew or should have known that the design and use of the accused products of UBT does not infringe any of the claims of the '154 patent and nevertheless brought the present action against UBT for the purpose of wrongfully excluding UBT from the market of online blackjack and poker games. By initiating the present action, MMJK has engaged in patent misuse and vexatious litigation.

///

///

///

## SIXTH AFFIRMATIVE DEFENSE

### (Inequitable Conduct and Fraud)

15. The '154 patent is unenforceable due to inequitable conduct and fraud as alleged in paragraphs 12, 13 and 14 of this answer.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

16. MMJK has come into this court of equity seeking injunctive relief with unclean hands based upon the allegations set forth in paragraphs 12, 13, and 14 of this answer.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver, Acquiescence, Laches and Estoppel)

17. MMJK is barred from relief because of waiver, acquiescence, laches, and estoppel.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

18. MMJK has failed to state a claim upon which relief may be granted.

## COUNTERCLAIM

UBT hereby counterclaims against MMJK as follows:

19. This counterclaim is for a Declaratory Judgment declaring the '154 patent invalid, unenforceable and/or not infringed by UBT and arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

20. Jurisdiction of this Court is based on 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202 and on Rule 13 of the Federal Rules of Civil Procedure.

21. Venue in this Court is proper pursuant to 15 U.S.C. § 15 and 28 U.S.C. § 1391. MMJK, by virtue of having this suit brought against UBT, has submitted itself to the jurisdiction of this Court.

## FIRST CLAIM FOR RELIEF

### (For Declaration of Noninfringement)

22. UBT repeats, realleges and incorporates by reference paragraphs 1 - 21.

23. MMJK claims to be the owner of the '154 patent and of all rights to sue for infringement of the '154 patent.

24. MMJK has brought suit against UBT for alleged infringement of the '154 patent.

25. An actual case or controversy exists between MMJK and UBT based upon MMJK having filed its complaint in this action.

26. Both of the independent claims of the '154 patent (claims 1 and 5) require the procedure of:

> "Disbursing the prize pool to the winning player and any runner-up players in the form of prizes that have immediate value, subsequent to the completion of the tournament."

27. UBT's website does not infringe the '154 patent because UBT's cash or merchandise prizes do not have "immediate value." Its players do not receive cash or merchandise immediately, but must wait to receive their prize within 30 days of claiming such prize. Specifically, UBT's players do not receive either cash or merchandise within 30 days of placing in a tournament. They receive their prize within 30 days of claiming their prize. UBT requires a validation process prior to receipt of cash or merchandise. UBT's players must meet the necessary residence and/or age requirements, and submit all necessary tax forms. Otherwise, UBT's players forfeit their prize. (A true and correct copy of relevant screenshots from UBT's websites are attached hereto as Exhibit A, and incorporated by reference herein.)

28. For these reasons, there is no "immediate value" to UBT's cash or merchandise, and in fact, there may never be any value if the prizes are not claimed or if players do not meet the eligibility or validation requirements.

29. UBT also does not infringe on the '154 patent based upon the manner in which runner-up players are rewarded prize points. Pursuant to the '154 patent, the "prize pool" both to the "winning player" and to "any runner-up players" must be distributed "subsequent to the completion of the tournament."

30. UBT's websites differ in the following manner: When a runner-up player is eliminated from a tournament, he or she receives prize points immediately. That is, as soon as a runner-up player is eliminated, UBT credits his or her account with prize points, even though the tournament is still ongoing. Therefore, there is no infringement on the '154 patent because its claim shows that the

1  winning player and "any ... runner-up players" must receive prizes only after the tournament is over.
2  (A true and correct copy of relevant screenshots from UBT's websites are attached hereto as Exhibit B
3  and incorporated by reference herein.)

4  31. Therefore, the claims of the '154 patent must exclude a situation in which prizes that
5  have immediate value are disbursed only to one runner-up player, and not other runner-up players,
6  subsequent to the completion of the tournament.

### SECOND CLAIM FOR RELIEF

### (For Declaration of Invalidity)

9  32. UBT repeats, realleges and incorporates by reference paragraphs 1 - 21 and paragraphs
10 23-26.

11 33. The '154 patent is invalid because it lacks the requisite novelty to be a valid patent.

12 34. UBT is informed and believes that therefore alleges that numerous examples of prior art
13 contain precisely the same characteristics as the '154 patent, namely websites featuring a card game
14 such as poker, for both subscription and nonsubscription players, which award money and prizes.

15 35. The '154 patent is also invalid because it is "obvious" under the test enunciated in *KSR*
16 *Int'l Co. v. Teleflex*, 127 S. Ct. 1727 (2007) because prior art would reveal to any person skilled in the
17 art that the elements of the '154 patent are nothing more than a standard game recipe. (True and correct
18 copies of relevant prior art are attached hereto as Exhibits C, D, E and F and incorporated by reference
19 herein.)

### THIRD CLAIM FOR RELIEF

### (For Declaration of Unenforceability)

22 36. UBT repeats, realleges and incorporates by reference paragraph 1 - 21 and paragraphs 23
23 - 26.

24 37. UBT is informed and believes and therefore alleges that the '154 patent is invalid, null,
25 void and/or unenforceable for failure to comply with the conditions and requirements for patentability
26 specified in 35 U.S.C. and in the applicable sections of the Code of Federal Regulations governing
27 patents.

28

38. Upon information and belief, the alleged inventors of the '154 patent, including Jason B. Kellerman, the President and CEO of MMJK, violated their duties of good faith, candor, and honesty that were owed to the PTO. With an intent to deceive and mislead, these inventors, including Kellerman, failed to disclose material information to PTO. This violation prohibits enforcement of the '154 patent.

39. During the prosecution of the application that resulted in the '154 patent, the inventors, including Kellerman, submitted a defective Information Disclosure Statement ("IDS") to the PTO. Thereafter, the PTO, in its Notice of Allowability, informed the inventors that its IDS was defective and that the Examiner requested the defect be corrected so that the Examiner could properly consider the prior art references. (A true and correct copy of the Notice of Allowability is attached hereto as Exhibit G.)

40. Despite being aware of the defect in the IDS and of the Examiner's explicit request to correct it, the inventors did nothing to correct the defect in the IDS so that the Examiner could consider the omitted prior art. In doing so, the inventors, including Kellerman, committed inequitable conduct amounting to artifice and fraud, which renders the '154 patent unenforceable.

**WHEREFORE**, UBT prays for relief as follows:

1. That MMJK's complaint be dismissed with prejudice.
2. For a declaration that UBT does not and has not infringed the '154 patent.
3. For a declaration that the '154 patent is invalid.
4. For a declaration that the '154 patent is unenforceable.
5. That UBT be awarded its costs and attorneys' fees.
6. For such other relief as the Court deems just and proper.

DATED: July 30, 2007                    GREENBERG TRAURIG, LLP

                                        By: ___/S/_____
                                        MATTHEW S. STEINBERG
                                        Attorneys for Defendant
                                        Ultimate Blackjack Tour, LLC

## DEMAND FOR JURY TRIAL

UBT hereby requests a jury trial on the issues set forth herein.

DATED: July 30, 2007              GREENBERG TRAURIG, LLP


                                  By:____/S/_____
                                  MATTHEW S. STEINBERG
                                  Attorneys for Defendant
                                  Ultimate Blackjack Tour, LLC

---

7

ANSWER AND COUNTERCLAIM OF DEFENDANT ULTIMATE BLACKJACK TOUR, LLC
DEMAND FOR JURY TRIAL - CASE NO. C 3:07-CV-03236-BZ

**CERTIFICATE OF SERVICE**

I, hereby certify that on July 30, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to the e-mail addresses denoted below:

DERGOSITS & NOAH LLP
Todd A. Noah (SBN 152328) (tnoah@dergnoah.com)
Paul K. Tomita (SBN 188096) (ptomita@dergnoah.com)
Four Embarcadero Center, Suite 1450
San Francisco, California 94111
Telephone: (415) 705-6377
Facsimile: (415) 705-6383


DATED: July 30, 2007             GREENBERG TRAURIG, LLP


                                 By:____/S/_____
                                 MATTHEW S. STEINBERG
                                 Attorneys for Defendant
                                 Ultimate Blackjack Tour, LLC