1  TODD A. NOAH (SBN 152328)
   PAUL K. TOMITA (SBN 188096)
2  DERGOSITS & NOAH LLP
   Four Embarcadero Center, Suite 1450
3  San Francisco, California 94111
   Tel: (415) 705-6377
4  Fax: (415) 705-6383
   E-mail:  tnoah@dergnoah.com
5           ptomita@dergnoah.com

6  Attorneys for Plaintiff MMJK, INC.

7
                    IN THE UNITED STATES DISTRICT COURT
8
                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
9

10  MMJK, INC.                    ) Case No. C 07 03236 BZ
                                  )
11        Plaintiff,              ) **PLAINTIFF MMJK'S RESPONSE TO**
                                  ) **OBJECTIONS OF DEFENDANT**
12                                ) **ULTIMATE BLACKJACK TOUR, LLC**
          vs.                     ) **EVIDENCE PROFFERED BY**
13                                ) **PLAINTIFF MMJK, INC.**
                                  )
14  ULTIMATE BLACKJACK TOUR, LLC  )
                                  ) **Date:  August 15, 2007**
15                                ) **Time: 10:00 a.m.**
                                  ) **Location: Courtroom G**
16                                ) **Honorable Bernard Zimmerman**
                                  )
17

-1-

**MMJK'S RESPONSE TO OBJECTIONS OF UBT TO
EVIDENCE PROFFERED BY PLAINTIFF MMJK, INC.**
Case No. C 07 03236 BZ

Plaintiff MMJK, Inc. ("MMJK") submits this response to Defendant Ultimate Blackjack Tour, LLC's ("UBT") Objections to Evidence, Docket Index No. 18

1. <u>Kellerman, page 2, lines 1 through 4</u>

The objection based upon lack of foundation for personal knowledge is not well taken. Mr. Kellerman is the President and Chief Executive Officer of Plaintiff. He is involved with monitoring competition (¶¶4, 6-7). He is involved with business development discussions with large companies interested in offering subscription based poker to their customers (¶9). There are many opportunities in Mr. Kellerman's daily experiences that expose him to information from which he could learn that Defendant was aware of Plaintiff's web site and the patent-in-suit. There is an adequate foundation for Mr. Kellerman's personal knowledge.

With regard to the hearsay objection under Fed. R. Evid 802, Mr. Kellerman does not state that "X told him." Therefore, there is no out of court hearsay statement, and the objection must be overruled.

2. <u>Kellerman, Page 2, lines 7 through 10</u>

Defendant's objection based upon lack of foundation for personal knowledge must be overruled. Mr. Kellerman's job responsibilities as President and Chief Executive Office of a company whose only business is the operation of the web site www.betzip.com surely qualifies him to make statements of belief about the conditions extant in the market. In the subject paragraph, Mr. Kellerman is expressing his belief that the presence of the Defendant in the market is causing players who might play at Plaintiff's site to go to Defendant's site. Mr. Kellerman has adequate personal experience for making such an observation, and these statements are a logical corollary to Mr. Kellerman's earlier statement (Page 2, lines 5 through 6) that "UBT's online gaming services that it offers on its Web site directly competes with the services on [Plaintiff's] Web site."

Defendant's objection based upon impermissible opinion testimony by a lay witness is also without merit. Fed. R. Evid. 701 provides that opinion testimony by a lay witness is permissible if (1) it is rationally based upon the witness' perception; (2) it is helpful to an understanding of the witness' testimony or to the determination of a fact in issue; and (3) it is not based upon scientific, technical or specialized knowledge within the realm of Fed. R. Evid. 702. Mr. Kellerman has explained that Plaintiff

-2-

will be irreparably harmed by the availability of Defendant's infringing web site which will cause players who might otherwise play at Plaintiff's site to go to Defendant's web site and play there. This leads to a loss of market share, and in Mr. Kellerman's view, irreparable harm because Plaintiff may not be able to get those customers back. This is a rational opinion based upon Mr. Kellerman's experience and knowledge of the market. This opinion is also helpful to this Court's determination of whether Plaintiff is being and will continue to be irreparably harmed by Defendant's infringement. Finally, it is not based upon scientific, technical or specialized knowledge requiring qualification of an expert. This evidence is clearly admissible and Defendant's objection must be overruled.

   3.   <u>Kellerman, Page 2, lines 15 through 20</u>

Although Defendant has lumped them together, there are three separate facts contained within the lines to which Defendant has objected. Plaintiff will address each separately. With regard to the applicability of the UIGEA to the services provided by www.betzip.com, Mr. Kellerman has the actual personal knowledge and experience in his position as President and Chief Executive Officer to make this statement from personal knowledge. The issue of the legality of the services offered at the Plaintiff's web site is an important aspect of the operation of the company. Mr. Kellerman makes it his business to be aware of such issues. Although Mr. Kellerman is not a lawyer having specialized knowledge about the applicability of the UIGEA to the Plaintiff's services, he is expressing an opinion based upon his perception.

Subsequent to the filing of this first Kellerman declaration, Defendant has chosen to make an issue out of whether Plaintiff's web site violates the UIGEA or conforms with its provisions. Plaintiff does not rely upon Mr. Kellerman's statement here as a basis for rebuttal. Instead, Plaintiff, through a Supplemental Kellerman declaration, introduces and relies upon a legal opinion from counsel who advised Plaintiff on this very issue. (See Supplemental Kellerman Decl., ¶13, Ex. J.) Going back to the portion of Paragraph 6 of the Kellerman Declaration to which Defendant objected, Mr. Kellerman's statement that the UIGEA did not apply to Plaintiff's services, Mr. Kellerman's statement of belief were founded upon the legal opinion now produced. Consequently, this evidence should be admitted in conjunction with the evidence contained within the Supplemental Kellerman Declaration.

**MMJK'S RESPONSE TO OBJECTIONS OF UBT TO
EVIDENCE PROFFERED BY PLAINTIFF MMJK, INC.**
Case No. C 07 03236 BZ

The second fact in the subject statement involves Mr. Kellerman's observation that the passage of the UIGEA has resulted in millions of customers looking for alternative places to play. As an active market participant, Mr. Kellerman has the ability to observe the market and make comments about the behavior of players in the market. He is entirely qualified to make this statement based upon personal experience. With regard to it being a lay opinion, it is actually a belief or statement of fact. Mr. Kellerman never says "it is my opinion that…" Even if it is considered an expression of opinion, it is nonetheless rationally based on his perception of the market, it is helpful to the Court to understand the market conditions and it is not the subject ordinarily reserved for expert testimony. This fact in Mr. Kellerman's declaration should not be excluded.

The final portion of the objection relates to the statement that begins with "I believe…" Clearly, this is a statement of Mr. Kellerman's belief. As such, his personal knowledge of the impact of the UIGEA in the market, and his well-informed belief about the legality of Plaintiff's services cannot be assailed. Therefore, lack of foundation for personal knowledge is not a well taken objection. Similarly, any objection that Mr. Kellerman is offering a lay opinion is undercut by the language of the sentence that starts "I believe…" The objection based upon Fed. R. Evid. 701 must be overruled.

4.  <u>Kellerman, Page2, lines 22 through 25</u>

Plaintiff submits that there is no basis for Defendant's hearsay objection. There is no out of court statement repeated by declarant. The use of the pharse "it is well known in the industry" does not convert the balance of the statement into hearsay.

With regard to the lack of foundation in personal knowledge objection, Mr. Kellerman is expressing his beliefs and understanding about the market, and the potential impact that UBT might have on the Plaintiff's business. Mr. Kellerman is in a good position to be providing his beliefs because of his role as Plaintiff's President and Chief Executive Officer. As to the lay opinion objection, this statement qualifies under the provisions of Rule 701 as quoted above.

5.  <u>Kellerman, Page 3, lines 15 through 17</u>

Mr. Kellerman is providing evidence on the conditions in the market, and is predicting what would happen if Defendant were able to continue with its marketing and advertising of the infringing service. The quoted evidence represents Plaintiff's beliefs on what would happen. Mr. Kellerman is in

-4-

**MMJK'S RESPONSE TO OBJECTIONS OF UBT TO
EVIDENCE PROFFERED BY PLAINTIFF MMJK, INC.**
Case No. C 07 03236 BZ

as good a position as anyone to predict the impact upon Plaintiff from Defendant's marketing and advertising efforts. Moreover, it is not an opinion. Defendant's objections should be overruled.

6. <u>Kellerman, Page 3, lines 19 through 23</u>

All of Defendant's objections are without basis. Mr. Kellerman establishes in Paragraph 9 that Plaintiff has been involved in a number of business development discussions with large companies interested in offering Plaintiff's services to their customers. Mr. Kellerman is aware of the terms of these deals and the impact that these deals might have on the Plaintiff's business. Moreover, he has the ability to perceive what could happen if Defendant were to get the deal rather than Plaintiff. There is no lack of personal knowledge by Mr. Kellerman. With regard to the hearsay objection, Mr. Kellerman has not offered an out of court statement by a third party. His statement is one of his understanding. It is not hearsay.

7. <u>Kellerman, Page 3, line 26 through Page 4, line 1</u>

Plaintiff cannot even imagine a basis for Defendant's objection based upon hearsay.

With regard to the other objections, Mr. Kellerman's understanding of the market provides him with a foundation in personal knowledge for the statements made. Moreover, there is nothing in the quoted portion that would constitute a lay opinion beyond Mr. Kellerman's qualifications to provide one.

Dated: August 1, 2007                                                          DERGOSITS & NOAH LLP


By:  /s/ Todd A. Noah
     Todd A. Noah
     Attorneys for Plaintiff MMJK, INC.

**MMJK'S RESPONSE TO OBJECTIONS OF UBT TO
EVIDENCE PROFFERED BY PLAINTIFF MMJK, INC.**
Case No. C 07 03236 BZ