# EXHIBIT P

# Non-Infringement Claim Chart[1]

"…disbursing the prize pool to the winning player and any eligible runner-up players in the form of prizes that have immediate value subsequent to the completion of the tournament."

| '154 Patent Claims | MMJK Argument in Reply | UBT's Response |
|---|---|---|
| "…disbursing the prize pool" | **Prize Pool = Only Cash and Merchandise**<br><br>"As properly construed in view of the specification, '**prizes that have immediate value**' means **cash or merchandise**. Thus, as properly construed, the '**disbursing the prize pool…**' limitation recited in claims 1 and 5 of the '154 patent means **paying out cash or merchandise** to the winner and any runner-up player, if any qualify, after the tournament is over." "…it becomes clear that every tournament that pays out cash or merchandise to at least the winner supports a finding of infringement." | **Prize Pool = Everything Awarded in a Tournament**<br><br>UBT's prize pools always include multiple prizes that are tournament points and/or play chips. Tournament points and play chips are used for entry into other UBT tournaments. In an effort to try to force UBT to infringe, MMJK attempts to rewrite the meaning of "prize pool" to mean only "cash or merchandise." MMJK's proposed construction is contrary to the ordinary meaning of "prize pool" and the intrinsic record. The ordinary meaning of "prize pool" in the context of the '154 patent is **every prize** awarded in a tournament. (See e.g., Exhs. Q and R, which define "pool" as "the **total amount** of players' stakes in gambling or sweepstakes" and "**fund containing all the money bet** in a game of chance or on the outcome of an event, respectively."<br><br>The specification of the '154 patent defines "prize pool" in the same way- every prize awarded in a tournament. (See e.g., Exh. B, Fig. 3, which shows "an illustrative prize pool for a hypothetical monthly tournament" where the prize pool includes every prize awarded as part of the tournament.) Accordingly, the proper construction for "prize pool" is **every prize** awarded in a tournament, and should not be limited to only prizes of cash and merchandise. By limiting "prize pool" to "cash and merchandise," MMJK tries to import the "immediate value" portion of the limitation into the meaning of "prize pool." Doing so would render the "immediate value" portion of the limitation meaningless and redundant, which is improper. |

---

[1] Emphasis Added Throughout Chart

| | Winner + Any Single Eligible Runner-Up Player (Even if there are Multiple Eligible Runner-Up Players) | Winner + Any Eligible Runner-Up Players |
|---|---|---|
| "…to the winning player and any eligible runner-up players…" | "Indeed, according to Webster's Ninth new Collegiate Dictionary 10th Ed. 1988, 'any' means 'one or more- used to indicate an undetermined number or amount'…As used in claims 1 and 5 of the '154 patent, 'any eligible runner-up players' means any qualified runner-up player. This would include the scenario where there are no runner-up players that are qualified to receive a prize and only the winner receives a prize…Thus, as properly construed, the 'disbursing the prize pool…' limitation recited in claims 1 and 5 of the '154 patent means paying out cash or merchandise to the winner and any runner-up player, if any qualify, after the tournament is over." (emphasis added) | MMJK's proposed construction attempts to rewrite the "any eligible runner-up players" (plural) limitation of the '154 patent to mean "any one eligible runner-up player" (singular). MMJK's attempt to rewrite the claims to make "players" singular, is flawed. MMJK's proposed construction ignores the ordinary meaning of the "any runner-up players" claim limitation. Contrary to the '154 patent, MMJK's new construction means that if there is only one eligible runner-up player (out of many eligible runner-up players) who receives a prize of immediate value after the tournament is completed, there is infringement. That is, under MMJK's proposed construction, infringement would result even if there are numerous other eligible runner-up players who receive prizes that do not have "immediate value" and/or the prize pool prizes are disbursed to eligible runner-up players **prior to** completion of the tournament. Such a construction is contrary to ordinary meaning of the claim terms and the specification of the '154 patent, which never discloses such a scenario. Instead the '154 patent defines "any eligible runner-up players" as all of the players of a tournament who receive prizes, excluding the ultimate winner. See Exh. B, col. 2. lines 25-29 and Fig. 3. Figure 3 of the '154 patent is an illustrative prize pool which shows that the runner-up players are all the players, excluding the winner.<br><br>Properly construed, "any eligible runner-up **players**" is all of the players of a tournament who receive prizes, excluding the ultimate winner. Indeed, according to the Encarta® World English Dictionary, North American Edition, "any," can mean "every: every person or thing of a particular category or description, no matter who or what." Additionally, the scenario MMJK raises "where there are no runner-up players that are qualified to receive a prize and only the winner receives a prize," is irrelevant because that scenario does not occur in any of the tournaments played on the UBT websites. |