1 | TODD A. NOAH (SBN 152328)
2 | PAUL K. TOMITA (SBN 188096)
    DERGOSITS & NOAH LLP
3 | Four Embarcadero Center, Suite 1450
    San Francisco, California 94111
4 | Tel: (415) 705-6377
    Fax: (415) 705-6383
5 | E-mail:  tnoah@dergnoah.com
             ptomita@dergnoah.com

6 | Attorneys for Plaintiff MMJK, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| MMJK, INC. | ) Case No. C 07 03236 BZ |
|---|---|
| Plaintiff, | ) **MMJK, INC.'S NOTION OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED.R.CIV.P. 41(a)(2) AND THE COUNTERCLAIMS PURSUANT TO FED.R.CIV.P. 12(b)(1)** |
| vs. | |
| ULTIMATE BLACKJACK TOUR, LLC | |
| Defendant. | **Date:   November 7, 2007**<br>**Time: 10:00 a.m.**<br>**Location: Courtroom G**<br>**Honorable Bernard Zimmerman** |

**TO THE DEFENDANT AND ITS ATTORNEYS OF RECORD:**

YOU ARE HEREBY NOTIFIED that on November 7, 2007, at 10:00 a.m. in Courtroom G, 15th Floor of the San Francisco Division of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, Plaintiff MMJK, Inc. ("MMJK") will move to dismiss its complaint pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure and to dismiss the counterclaims of defendant Ultimate Blackjack Tour, LLC ("UBT") for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## I. INTRODUCTION

This Court should grant this motion to dismiss because on October 2, 2007, MMJK filed the Declaration of Jason Kellerman, the Chief Executive Officer of MMJK, Inc., which contained a covenant not to sue UBT for infringement of U.S. Patent No. 7,094,154 ("the '154 patent"), the patent-in-suit. (Docket Item No. 40, hereinafter referred to as ["D.I. No."])  By filing this covenant not to sue, MMJK has rendered moot the entire controversy between the parties.  In addition, by filing the covenant not to sue, MMJK has divested this Court of subject matter jurisdiction over UBT's counterclaims for declaratory judgment of non-infringement, invalidity and unenforceability.  *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340 (Fed. Cir. 2007).  *Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852 (Fed. Cir. 1999); *Super Sack Manufacturing Corp. v. Chase Packaging Corp.*, 57 F.3d 1054 (Fed. Cir. 1995).  MMJK requested that UBT stipulate to this dismissal, but it refused.  (Noah Decl., ¶ 8.)

## II. STATEMENT OF FACTS

On June 19, 2007, MMJK filed the complaint in this case against UBT alleging infringement of the '154 patent. (DI No.1)  On July 11, 2007, MMJK filed a motion for preliminary injunction. (DI No. 7)  On July 30, 2007, UBT filed an answer to complaint along with counterclaims for declaratory judgment of non-infringement, invalidity and unenforceability.  (DI No. 21)

The Court denied MMJK's motion for preliminary injunction on August 22, 2007, concluding that MMJK failed to establish the likelihood that it would succeed on the issues of infringement and validity.  (DI No. 36)  More specifically, with regard to infringement, the Court concluded that MMJK was unlikely to prevail on its claim construction.  *Id*.

On August 23, 2007, UBT offered to settle the case under certain conditions.  More specifically, in exchange for MMJK's agreement to dismiss the present case and not to sue UBT in the future on any other patent, UBT would agree to a dismissal of the case with each party bearing its own attorneys fees and costs.  (Noah Decl., ¶ 2.)  MMJK rejected this offer on September 4, 2007 because it would not agree to provide UBT with a full release of liability for any and all patents that MMJK may obtain in the

-2-

future. (Noah Decl., ¶ 3.) UBT then indicated that it would move for summary judgment of non-infringement. *Id.*

On September 16, 2007, MMJK informed UBT that it was reconsidering UBT's settlement proposal. (Noah Decl., ¶ 4, Exhibit A.) After reconsidering its position, on September 26, 2007, MMJK agreed to dismiss the present case with prejudice and forwarded a draft Stipulated Dismissal for UBT's approval. (Noah Decl., ¶ 5, Exhibit B.) UBT conditionally rejected the stipulation indicating that it would only agree to the dismissal if "MMJK release[s] UBT from all liability now or in the future with respect to [its] products and services." (Noah Decl., ¶ 6, Exhibit C.)

Since MMJK would not agree to release UBT from all future liability other than that arising from the '154 patent, on October 2, 2007 MMJK filed the Declaration of Jason Kellerman, the Chief Executive Officer of MMJK, Inc., which contained a covenant not to sue UBT for infringement of the '154 patent, now or in the future. (DI No. 40)

Contemporaneous with filing this covenant, MMJK sent UBT a letter requesting that UBT stipulate to a dismissal of MMJK's infringement claim and UBT's counterclaim for declaratory judgment of non-infringement, invalidity and unenforceability. (Noah Decl., Exhibit D.) In this same letter, MMJK informed UBT that if it did not stipulate, MMJK would file the present motion to dismiss. *Id.* UBT refused to stipulate. (Noah Decl., ¶ 8.)

Since UBT would not stipulate to a dismissal, MMJK filed the present motion to dismiss. In view of the fact that MMJK has provided UBT a covenant not to sue on the '154 patent, this Court should grant MMJK's motion to dismiss because there is no longer an actual controversy between the parties as framed by the pleadings and the Court no longer has subject matter jurisdiction over UBT's moot counterclaims.

## III.    ARGUMENT

After service of an answer or summary judgment motion, the plaintiff must obtain court approval to dismiss. Fed.R.Civ.P. 41(a)(2). Whether to allow dismissal rests in the court's sound discretion. *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982). Courts generally allow

-3-

dismissal, even without prejudice, unless defendant will suffer "some plain legal prejudice" as a result of the dismissal. *Id.* The fact that defendant has already incurred substantial expenses in trial preparation is not sufficient prejudice or hardship to a defendant to justify refusing plaintiff's motion to dismiss the action. *In re Lowenschuss*, 67 F.3d 1394, 1400-1401 (9th Cir. 1995).

In situations where the defendant has pled a counterclaim for declaratory relief, the Federal Circuit has held that a patentee can dismiss the entire infringement case, including counterclaims for declaratory relief, by filing a motion to dismiss and a covenant not to sue. *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340 (Fed. Cir. 2007)(No showing of "sufficient immediacy and reality" to support declaratory judgment jurisdiction). *See also Super Sack Manufacturing Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058 (Fed. Cir. 1995)(a patentee defending against an action for a declaratory judgment of invalidity can divest the trial court of jurisdiction over the case by filing a covenant not to assert the patent at issue against the infringer with respect to any of its past or present acts); *Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852 (Fed. Cir. 1999)("We have held that a covenant not to sue for any infringing acts involving products 'made, sold or used' on or before the filing date [of the covenant] is sufficient to divest a trial court of jurisdiction over a declaratory judgment action."). In other words, the covenant not to sue removes any actual justiciable controversy between the parties and renders all remaining issues moot, including counterclaims. *Super Sack*, 57 F.3d at 1056 ("In sum, the trial court did not err in concluding that post-filing events rendered moot the controversy in this case. To proceed, would have involved the court in rendering a forbidden advisory opinion.")

On October 2, 2007, MMJK filed the Declaration of Jason Kellerman with the Court, which contained a covenant not to sue UBT for infringement of the '154 patent. (DI No. 40) As a result of this covenant, there is no longer an actual case or controversy between the parties regarding the '154 patent and this Court no longer has subject matter jurisdiction over UBT's counterclaims for a declaratory judgment of non-infringement, invalidity and unenforceability. *Super Sack*, 57 F.3d at 1058. Since the Court no longer has jurisdiction over UBT's counterclaim, this Court should dismiss the

-4-

1 complaint with prejudice pursuant to Fed.R.Civ.P. 41(a)(2) and UBT's counterclaims for lack of subject
2 matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1).

## IV.  CONCLUSION

In view of the foregoing, MMJK's motion to dismiss the complaint and counterclaims should be granted.

Dated: October 3, 2007                                                        DERGOSITS & NOAH LLP


                                                                              By: /s/ Todd A. Noah
                                                                                  Todd A. Noah
                                                                                  Attorneys for Plaintiff MMJK, INC.

-5-