# EXHIBIT B

Case 3:07-cv-03236-BZ    Document 47-3    Filed 10/22/2007    Page 2 of 7

Page 1
2007 U.S. Dist. LEXIS 34880, *

LEXSEE 2007 U.S. DIST. LEXIS 34880

As of: Oct 22, 2007

WS PACKAGING GROUP, INC., Plaintiff, v. GLOBAL COMMERCE GROUP, LLC, Defendant.

Case No. 06-C-674

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WISCONSIN

2007 U.S. Dist. LEXIS 34880

May 10, 2007, Decided
May 11, 2007, Filed

**SUBSEQUENT HISTORY:** Summary judgment granted by, Dismissed by *WS Packaging Group, Inc. v. Global Commerce Group, LLC,* 2007 U.S. Dist. LEXIS 76070 (E.D. Wis., Oct. 12, 2007)

**PRIOR HISTORY:** *WS Packaging Group v. Global Commerce Group, LLC,* 2007 U.S. Dist. LEXIS 5187 (E.D. Wis., Jan. 24, 2007)

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff competitor filed a declaratory judgment action against defendant patent holder, seeking a judicial declaration pursuant to *28 U.S.C.S. § 2201* that it was not infringing on the holder's patent for Internet game pieces. The holder filed a fourth motion seeking to dismiss the complaint pursuant to *Fed. R. Civ. P. 12(b)(1)*.

**OVERVIEW:** In its prior motions, the holder unsuccessfully argued that an actual case or controversy did not exist and that its waivers and/or a prior covenant not to sue removed any reasonable apprehension that it would sue the competitor for patent infringement. The holder executed another covenant not to sue and argued that the covenant was sufficient to deprive the court of subject matter jurisdiction. The court disagreed. After considering the totality of the circumstances, the court concluded that a justiciable U.S. Const. art. III controversy existed. The competitor had standing to bring the suit, and the issue of whether the competitor's game pieces infringed on the holder's patent was ripe. The competitor faced the possibility of immediate and real injury given the holder's pattern of aggressively pursuing alleged infringers. The holder's waivers and covenants not to sue did not eliminate the controversy because they were limited in scope. They did not remove the threat that the holder would attempt to pressure the competitor by asserting patent infringement claims against its customers, expecting that they would then seek to hold the competitor liable under *Wis. Stat. § 402.312(3)*.

**OUTCOME:** The court denied the holder's fourth dismissal motion. It ordered the court clerk to set the matter back on the court's calendar for a scheduling conference.

**LexisNexis(R) Headnotes**

*Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Motions to Dismiss*
[HN1] In reviewing a plaintiff's complaint in regard to any motion to dismiss, a court is to assume all well-pleaded facts are true, and all such facts, as well as the reasonable inferences therefrom, are viewed in the light most favorable to the plaintiff.

*Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > General Overview*
*Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Motions to Dismiss*
*Evidence > Procedural Considerations > Burdens of Proof > Ultimate Burden of Persuasion*
[HN2] In deciding a *Fed. R. Civ. P. 12(b)(1)* motion, a court may consider the question of jurisdiction on the basis of evidentiary matters presented by affidavit or otherwise. Where the jurisdiction of the court is chal-

Case 3:07-cv-03236-BZ    Document 47-3    Filed 10/22/2007    Page 3 of 7

Page 2
2007 U.S. Dist. LEXIS 34880, *

lenged as a factual matter, the party invoking jurisdiction has the burden of supporting the allegations of jurisdictional facts by competent proof.

*Civil Procedure > Declaratory Judgment Actions > Federal Judgments > General Overview*
*Constitutional Law > The Judiciary > Case or Controversy > General Overview*
[HN3] The Declaratory Judgment Act, in accordance with U.S. Const. art. III, requires the existence of an actual controversy between the parties before a federal court can constitutionally assume jurisdiction. *28 U.S.C.S. § 2201(a)*.

*Constitutional Law > The Judiciary > Case or Controversy > Ripeness*
*Patent Law > Jurisdiction & Review > Subject Matter Jurisdiction > Declaratory Judgment Actions*
[HN4] In MedImmune, the United States Supreme Court has held that a patent licensee is not required to terminate its license agreement before seeking a declaratory judgment that a patent is invalid, unenforceable, or not infringed. In dicta, the Supreme Court also criticized the "reasonable apprehension of suit" requirement, which has been used to determine whether an actual controversy exists in patent declaratory judgment actions, stating that it conflicts with several cases in which it has found that a declaratory judgment plaintiff had a justiciable controversy. The United States Court of Appeals for the Federal Circuit has noted the Supreme Court's rejection of the "reasonable apprehension of suit" test and has identified one new circumstance where declaratory judgment jurisdiction will be proper: Where a patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party, and that party contends that it has the right to engage in the accused activity without license, a U.S. Const. art. III case or controversy will arise, and the party need not risk a suit for infringement by engaging in the identified activity before seeking a declaration of its legal rights.

*Constitutional Law > The Judiciary > Case or Controversy > Ripeness*
*Constitutional Law > The Judiciary > Case or Controversy > Standing > General Overview*
*Patent Law > Jurisdiction & Review > Subject Matter Jurisdiction > Declaratory Judgment Actions*
[HN5] The United States Court of Appeals for the Federal Circuit has made clear that the United States Supreme Court's dicta in MedImmune effectively overrules the former two-part test that the Federal Circuit used to determine whether an actual controversy existed in declaratory judgment actions involving patents. In its place, the Federal Circuit has adopted the "all circumstances" test that the Supreme Court suggested in MedImmune as the proper approach. Under that approach, all the circumstances must show: (1) that the party instituting suit has standing; and (2) that the issue presented is ripe.

*Civil Procedure > Justiciability > Standing > Injury in Fact*
*Civil Procedure > Justiciability > Standing > Personal Stake*
*Constitutional Law > The Judiciary > Case or Controversy > Standing > Elements*
[HN6] U.S. Const. art. III standing requires a plaintiff to allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief. The alleged injury-in-fact must be personal, concrete, and particularized and actual or imminent.

*Civil Procedure > Justiciability > Ripeness > Tests*
*Constitutional Law > The Judiciary > Case or Controversy > Ripeness*
[HN7] Ripeness, for U.S. Const. art. III purposes, focuses on the defendant's conduct to determine whether the defendant's actions have harmed, are harming, or are about to harm the plaintiff and whether the question presented is fit for judicial review, meaning that it is entirely or substantially a question of law and that postponing a decision would work a substantial hardship on the challenging party.

*Civil Procedure > Justiciability > Ripeness > Imminence*
*Civil Procedure > Justiciability > Standing > Injury in Fact*
*Constitutional Law > The Judiciary > Case or Controversy > Ripeness*
*Constitutional Law > The Judiciary > Case or Controversy > Standing > Particular Parties*
*Patent Law > Jurisdiction & Review > Subject Matter Jurisdiction > Declaratory Judgment Actions*
[HN8] The United States Court of Appeals for the Federal Circuit has announced the new test for determining whether an actual controversy exists in declaratory judgment actions involving patents as follows: A declaratory judgment plaintiff is only required to satisfy U.S. Const. art. III, which includes standing and ripeness, by showing, under all of the circumstances, an actual or imminent injury caused by the defendant that can be redressed by judicial relief and that is of sufficient

Case 3:07-cv-03236-BZ    Document 47-3    Filed 10/22/2007    Page 4 of 7

Page 3
2007 U.S. Dist. LEXIS 34880, *

immediacy and reality to warrant the issuance of a declaratory judgment.

*Commercial Law (UCC) > Sales (Article 2) > Warranties > Warranties of Title*
*Contracts Law > Contract Conditions & Provisions > Indemnity*
[HN9] By virtue of Wisconsin's adoption of the Uniform Commercial Code, customers without indemnification contracts can hold sellers liable for infringement if a patent holder decides to bring suit against them. *Wis. Stat. § 402.312(3)* provides that unless otherwise agreed, a seller who is a merchant regularly dealing in goods of the kind warrants that the goods shall be delivered free of the rightful claim of any 3rd person by way of infringement or the like.

*Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Federal Questions > General Overview*
*Patent Law > Jurisdiction & Review > Subject Matter Jurisdiction > Declaratory Judgment Actions*
[HN10] In MedImmune, the United States Supreme Court has stated that although a patent declaratory judgment plaintiff may eliminate an imminent threat of harm by simply not doing what the plaintiff claims he or she has the right to do, that does not preclude subject matter jurisdiction where the threat-eliminating behavior is effectively coerced. The dilemma posed by that coercion--putting the challenger to the choice between abandoning his rights or risking prosecution--is a dilemma that it is the very purpose of the federal Declaratory Judgment Act to ameliorate. Using a competitor's customers as proxies to apply pressure tactics (rather than doing so oneself) would not seem to change the analysis, given the Supreme Court's underlying concern in MedImmune.

**COUNSEL:** [*1] For WS Packaging Group Inc, Plaintiff: Daniel Kelly, LEAD ATTORNEY, Reinhart Boerner Van Deuren SC, Milwaukee, WI; David G Hanson, LEAD ATTORNEY, Reinhart Boerner Van Deuren SC, Milwaukee, WI; Jill M Kastner, LEAD ATTORNEY, Reinhart Boerner Van Deuren SC, Milwaukee, WI; Leslie S Miller, LEAD ATTORNEY, Reinhart Boerner Van Deuren, Milwaukee, WI.

For Global Commerce Group LLC, Defendant: John E Thiel, LEAD ATTORNEY, Thiel Law Office, Appleton, WI; Sanford J Asman, LEAD ATTORNEY, Law Office of Sanford J Asman, Atlanta, GA.

**JUDGES:** William C. Griesbach, United States District Judge.

**OPINION BY:** William C. Griesbach

**OPINION**

**DECISION AND ORDER DENYING MOTION TO DISMISS**

Plaintiff WS Packaging Group, Inc. ("WS") brought this action for declaratory relief against Defendant Global Commerce Group, LLC ("Global"), seeking a determination that WS is not infringing on Global's patent for internet game pieces, *U.S. Patent No. 6,406,062* ("the '062 patent"). The case is presently before the court on Global's fourth motion to dismiss. For the reasons set forth below, Global's motion will be denied.

**BACKGROUND**

The facts giving rise to the case are set forth in my previous decisions and will not [*2] be repeated here, except to note that both WS and Global create and sell Internet game pieces. The game pieces are used in advertising programs and sales promotions for other companies. Fearing that Global intended to sue for infringement of the *'062 patent*, WS brought this action for declaratory relief so as to clear the air regarding its ongoing manufacture of allegedly infringing game pieces. Global sought dismissal on the ground that the evidence of an actual case or controversy was insufficient to warrant this court's exercise of jurisdiction, but that motion was denied. (Order of September 6, 2006, Dkt. # 16.) Global then crafted a waiver of infringement claims, set forth in its second motion to dismiss, which read as follows:

> Global Commerce Group, LLC hereby waives any right which it may presently have or which it may have had to date, and it hereby unconditionally agrees to not sue WS Packaging, Inc., for infringement of any claims of *U.S. Patent No. 6,406,062* as it presently reads based on any product which was manufactured, used, sold, or imported by WS Packaging through the date on which this waiver is filed in court.

(Second Mot. Dismiss. at 1-2, Dkt # [*3] 18.) In its brief supporting the motion, Global emphasized it did not intend the waiver to extend to any future claim Global may have against WS for infringement of the *'062 patent* based on "any product made, used, sold, or imported." (Def.'s Br. In Supp. at 3, Dkt. # 18.) I found that the waiver did not remove WS's reasonable apprehension of suit [1] because it did not extend to future infringement suits based on WS's ongoing production of allegedly

Case 3:07-cv-03236-BZ   Document 47-3   Filed 10/22/2007   Page 5 of 7

Page 4
2007 U.S. Dist. LEXIS 34880, *

infringing game pieces. Global's second motion to dismiss was therefore denied, by order of October 23, 2006.

> 1  As discussed below, the Federal Circuit, responding to the Supreme Court's January 2007 decision in *MedImmune, Inc. v. Genentech, Inc.,* -- *U.S.* --, *127 S. Ct. 764, 166 L. Ed. 2d 604 (2007)*, has recently set a new standard for declaratory judgment jurisdiction in patent cases. However, the former standard -- reasonable apprehension of imminent suit -- applied in the first three motions to dismiss brought by Global. *See Sandisk Corp. v. STMicroelectronics, Inc., 480 F.3d 1372, 1379-80 (Fed. Cir. 2007)*(discussing the former standard and the Supreme Court's rejection of it in *MedImmune*).

[*4] Global then moved the court to dismiss the action a third time, based on a more expansive waiver:

> Global Commerce Group, LLC hereby waives any right to sue WS Packaging, Inc. ("WS"), for infringement of any claim of *U.S. Patent No. 6,406,062* as it presently reads based on any product which was, or hereafter is, manufactured by WS. This waiver is expressly provided solely to WS, without any right to pass on or otherwise sublicense the same to others.

(Third Mot. Dismiss at 1-2, Dkt # 29.) In its third motion to dismiss, Global noted that the parties' covenant not to sue is still in effect as well. The covenant is part of the settlement agreement that emerged after an earlier licensing dispute between the parties. [2] Section 21 of the covenant reads:

> The parties agree not to institute any action, proceeding or arbitration against the other based upon any claims, obligations or liabilities released and discharged above, or the use of any manufacturing technology (whether methods, apparatus, or know-how) currently in use by each respective party, except as provided in this Settlement Agreement.

(Third Mot. Dismiss at 2, Dkt # 29.) In denying the third motion [*5] to dismiss, I concluded that the cumulative effect of the revamped waiver and extant covenant did not remove WS's reasonable apprehension of imminent suit, given the evidence of Global's threats to WS's customers and given WS's indemnification agreement with one of its customers. (Order of January 24, 2007, at 5-6.)

> 2  This dispute led to separate lawsuits between the parties in Georgia and Wisconsin, which were settled in December 2005. The parties' licensing agreement and business relationship also ended at that time.

Global has taken yet another kick at the can, and has covenanted not to sue as follows:

> Global Commerce Group, LLC hereby waives any right to sue WS Packaging, Inc. ("WS"), for infringement of any claim of *U.S. patent No. 6,406,062* ("the '062 Patent") as it presently reads based on any product which was, or hereafter is, manufactured by WS. This waiver is expressly provided solely to WS, and to those customers of WS who WS had contracted to indemnify from suit by Global with respect to [*6] the '062 Patent as of the time that WS filed the complaint in the present action, and it is expressly given without any right to pass on or otherwise sublicense the same to others.

(Fourth Mot. to Dismiss at 2, Dkt. # 40.) Based on this covenant, Global argues in its fourth motion to dismiss that the court lacks subject-matter jurisdiction pursuant to *Fed. R. Civ. P. 12(b)(1)*.

ANALYSIS

[HN1] In reviewing the plaintiff's complaint in regard to any motion to dismiss, the court is to assume all well-pleaded facts are true, and all such facts, as well as the reasonable inferences therefrom, are viewed in the light most favorable to the plaintiff. *Gutierrez v. Peters, 111 F.3d 1364, 1368-69 (7th Cir. 1997)*. [HN2] In deciding a *12(b)(1)* motion, however, the court may consider the question of jurisdiction on the basis of evidentiary matters presented by affidavit or otherwise. *Exchange Nat'l Bank of Chicago v. Touche Ross & Co., 544 F.2d 1126, 1131 (2nd Cir. 1976)*; *Grafon Corp. v. Hausermann, 602 F.2d 781, 783 (7th Cir. 1979)*. Where the jurisdiction of the court is challenged as a factual matter, [*7] the party invoking jurisdiction has the burden of supporting the allegations of jurisdictional facts by competent proof. *Grafon, 602 F.2d at 783* (citations omitted).

[HN3] The Declaratory Judgment Act, in accordance with Article III of the Constitution, requires the existence of an actual controversy between the parties before a federal court can constitutionally assume jurisdiction. See *28 U.S.C. § 2201(a)*. Until recently, the Federal Circuit, employed a two-part test for determining

Case 3:07-cv-03236-BZ    Document 47-3    Filed 10/22/2007    Page 6 of 7

Page 5
2007 U.S. Dist. LEXIS 34880, *

whether an actual controversy exists in declaratory judgment actions involving patents: the defendant's conduct must have created in the plaintiff an objectively "reasonable apprehension that the defendant will initiate suit if the plaintiff continues the allegedly infringing activity," and second, the plaintiff must have either actually produced the device or have prepared to produce it. *Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 736 (Fed. Cir. 1988)(citing *Goodyear Tire & Rubber Co. v. Releasomers, Inc.*, 824 F.2d 953, 955 (Fed. Cir. 1987).

However, the Federal Circuit has now discarded that standard in the [*8] wake of the Supreme Court's decision in *MedImmune, Inc. v. Genentech, Inc.*, -- U.S. --, 127 S. Ct. 764, 166 L. Ed. 2d 604 (2007). [HN4] In *MedImmune*, the Court held that a patent licensee is not required to terminate its license agreement before seeking a declaratory judgment that the patent is invalid, unenforceable, or not infringed. *Id.* at 777. In dicta, the Court also criticized the "reasonable apprehension of suit" requirement, stating that it "conflicts" with several cases in which the Supreme Court found that a declaratory judgment plaintiff had a justiciable controversy. *Id.* at 774 n.11. Soon thereafter, in *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1380 (Fed. Cir. 2007), the Federal Circuit noted the Supreme Court's rejection of the "reasonable apprehension of suit" test, and identified one new circumstance where declaratory judgment jurisdiction would be proper:

> [W]here a patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party, and where that party contends that it has the right to engage in the accused activity without license, an Article III [*9] case or controversy will arise and the party need not risk a suit for infringement by engaging in the identified activity before seeking a declaration of its legal rights.

*Id.* at 1381. The *SanDisk* court addressed only the first prong of the two-part test, that is, reasonable apprehension of suit, and left for another day the effect of *MedImmune* on the second prong. *Id.* at 1380 n.2. Several days later, however, in *Teva Pharms. USA, Inc. v. Novartis Pharms. Corp.*, 482 F.3d 1330, 2007 U.S. App. LEXIS 7383, 2007 WL 942201 (Fed. Cir. Mar. 30, 2007), [HN5] the Federal Circuit made clear that the dicta in *MedImmune* effectively overruled the former two-part test. 2007 U.S. App. LEXIS 7383, [WL] at *4-5. In its place, the court adopted the "all circumstances" test that the Supreme Court had suggested in *MedImmune* as the proper approach. Under that approach, all the circumstances must show (1) that the party instituting suit has standing and (2) that the issue presented is ripe. *MedImmune*, 127 S. Ct. at 771-72 & n.8.

[HN6] Article III standing requires a plaintiff to allege "personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely [*10] to be redressed by the requested relief." *Teva Pharm.*, 2007 U.S. App. LEXIS 7383, 2007 WL 942201 at *3 (quoting *Allen v. Wright*, 468 U.S. 737, 751, 104 S. Ct. 3315, 82 L. Ed. 2d 556 (1984)). The alleged injury-in-fact must be "personal," "concrete and particularized," and "actual or imminent." *Id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992); *Warth v. Seldin*, 422 U.S. 490, 501, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975)). [HN7] Ripeness focuses on the defendant's conduct to determine "whether the defendant's actions have harmed, are harming, or are about to harm the plaintiff," and whether the question presented is fit for judicial review, "meaning it is entirely or substantially a question of law and postponing a decision would work a substantial hardship on the challenging party." *Id.* (citation omitted). Putting all of these pieces together, [HN8] the Federal Circuit announced the new test as follows:

> [A] declaratory judgment plaintiff is only required to satisfy Article III, which includes standing and ripeness, by showing under "all the circumstances" an actual or imminent injury caused by the defendant that can be redressed by judicial relief and that is of "sufficient immediacy and [*11] reality to warrant the issuance of a declaratory judgment."

2007 U.S. App. LEXIS 7383, [WL] at *4 (quoting *Medimmune*, 127 S. Ct. at 771).

Considering all the circumstances, I conclude that the court has declaratory judgment jurisdiction here, that is, all the circumstances show that a justiciable Article III controversy exists. As to standing, the record indicates that WS faces at least imminent personal injury from Global's threats against WS's customers. Global has bragged in a trade magazine of its habit of threatening to sue (or actually suing) the customers of allegedly infringing vendors or manufacturers, presumably as a means of pressuring the parties to cease their activities or sign a license agreement. (Attach. # 1 to Aff. of William Challoner, Dkt. # 12.) Furthermore, William Challoner of WS attests that Donnie Causey, an officer of Global, admitted to Challoner that Global routinely engaged in this very practice. (Aff. of William Challoner P 3, Dkt. # 12.) Because Global's latest waiver is limited to those cus-

Case 3:07-cv-03236-BZ   Document 47-3   Filed 10/22/2007   Page 7 of 7

Page 6
2007 U.S. Dist. LEXIS 34880, *

tomers having indemnification contracts with WS as of the filing date of the instant action, it does not remove the imminent injury. [3] [HN9] By virtue of Wisconsin's [*12] adoption of the UCC, a WS customer without an indemnification contract could nevertheless hold WS liable for infringement if Global decided to bring suit against that customer. *See Wis. Stat. § 402.312(3)*("Unless otherwise agreed a seller who is a merchant regularly dealing in goods of the kind warrants that the goods shall be delivered free of the rightful claim of any 3rd person by way of infringement or the like. . . .").

> 3 In fact, Global's careful reservation of the right to sue WS's customers not having an indemnification agreement with WS as of the filing date of this action suggests that Global intends to use such customers as proxies to pressure WS into entering a license agreement or ceasing its manufacture of the game pieces at issue.

Beyond the injury that might arise from having to indemnify customers, WS faces the loss of its customer base and reputation in these circumstances. Global notes that, to avoid losing customers, WS could agree to indemnify its customers, [*13] and if it wishes to avoid the risk of prosecution from customers, could simply decline to sell to any customer unwilling to waive the statutory implied warranty of non-infringement (and then raise its prices to compensate for the loss of customers). (Reply Br. at 4-6.). However, these kinds of "solutions" were roundly criticized in *MedImmune*, where [HN10] the Court stated that although a declaratory judgment plaintiff may eliminate

> [an] imminent threat of harm by simply not doing what he claimed the right to do[,] . . . [t]hat did not preclude subject-matter jurisdiction [where] the threat-eliminating behavior was effectively coerced. . . . The dilemma posed by that coercion -- putting the challenger to the choice between abandoning his rights or risking prosecution -- is a dilemma that it was the very purpose of the Declaratory Judgment Act to ameliorate.

*MedImmune, 127 S. Ct. at 772-73*. Using a competitor's customers as proxies to apply pressure tactics (rather than doing so oneself) would not seem to change the analysis, given the *MedImmune* Court's underlying concern. In any event, more important here is that these proferred "solutions, [*14] " under the new test articulated in *Teva*, do not undercut the existence of a justiciable Article III controversy. Indeed, quite the opposite is true, as these "solutions" indicate the extent to which Global is attempting to harm WS without having to put its patent to the test. A favorable declaratory judgment would provide WS relief, for it would clear the air as to whether WS's game pieces infringe the '062 patent. Without such clarification, Global remains free to "attempt[] extra-judicial patent enforcement with scare-the-customer-and-run tactics that infect the competitive environment of the business community with uncertainty and insecurity." *Arrowhead Indus. Water, Inc. v. Ecolochem, Inc., 846 F.2d 731, 735 (Fed. Cir. 1988)*.

As to ripeness, Global's apparent habit of targeting customers to pressure vendors or manufacturers of allegedly infringing products clearly harms WS, for the reasons already stated. The question of whether WS's products infringe the '062 patent is fit for judicial review, for it is a question of law, and postponing a decision would work a substantial hardship on WS.

## CONCLUSION

In light of all the circumstances, I am satisfied [*15] that WS has standing and that the issue of whether its game pieces infringe the '062 patent is ripe. The injury faced by WS is of sufficient immediacy and reality to warrant issuance of a declaratory judgment. Global's waiver, combined with the extant covenant not to sue, is insufficient to remove the controversy.

For the above reasons, **IT IS ORDERED** that defendant's motion to dismiss (Docket # 40) be hereby **DENIED**. The clerk shall set this matter back on the court's calendar for a *Rule 16* scheduling conference.

Dated this 10th day of May, 2007.

s/ William C. Griesbach

United States District Judge