TODD A. NOAH (SBN 152328)
PAUL K. TOMITA (SBN 188096)
DERGOSITS & NOAH LLP
Four Embarcadero Center, Suite 1450
San Francisco, California 94111
Tel: (415) 705-6377
Fax: (415) 705-6383
E-mail:  tnoah@dergnoah.com
         ptomita@dergnoah.com

Attorneys for Plaintiff MMJK, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MMJK, INC.<br><br>   Plaintiff,<br><br>vs.<br><br>ULTIMATE BLACKJACK TOUR, LLC<br><br>   Defendant. | Case No. C 07 03236 BZ<br><br>**MMJK, INC.'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED.R.CIV.P. 41(a)(2) AND THE COUNTERCLAIMS PURSUANT TO FED.R.CIV.P. 12(b)(1)**<br><br>**Date:   December 5, 2007**<br>**Time: 10:00 a.m.**<br>**Location: Courtroom G**<br>**Honorable Bernard Zimmerman** |

**I.    INTRODUCTION**

MMJK's unconditional covenant not to sue UBT on the '154 patent moots the entire controversy between the parties concerning the '154 patent and as a result has divested this Court of subject matter jurisdiction over UBT's counterclaims for declaratory judgment of non-infringement, invalidity and unenforceability of the '154 patent. Despite the Federal Circuit case law that dictates this result, UBT contends that an actual controversy still exists based upon the existence of MMJK's pending patent application and that this somehow creates declaratory judgment jurisdiction over its counterclaims

-1-

relating to the '154 patent. Not surprisingly, UBT has provided absolutely no authority for this position. MMJK's pending application is not at issue in this litigation and is not the subject of UBT's counterclaims. Thus, even if there could be a present controversy between the parties regarding this application, that controversy would not transform into a controversy concerning the '154 patent, which is the subject of UBT's counterclaims.

In short, there is no controversy of "sufficient immediacy and reality" between the parties regarding the '154 patent. Therefore, this Court should grant MMJK's motion to dismiss.

## II.    ARGUMENT

### A.    MMJK'S Pending Patent Application Does Not Create An Actual Controversy Over the '154 patent

UBT devotes a significant portion of its brief to discussing the new standard for declaratory judgment jurisdiction as enunciated by the Supreme Court in *MedImmune, Inc. v. Genentech, Inc.*, __ U.S.__, 127 S. Ct. 764, 771 (2007) and as applied by the Federal Circuit in *Sony Electronics, Inc. v. Guardian Media Techs., Ltd.,* 497 F.3d 1271 (Fed. Cir. 2007) and *SanDisk Corporation v. STMicroelectronics, Inc.*, 480 F.3d 1372 (Fed. Cir. 2007). MMJK does not dispute the new standard for determining the existence of a case or controversy sufficient to warrant declaratory relief. Indeed, its opening memorandum MMJK cited *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340 (Fed. Cir. 2007) wherein the Federal Circuit applied the *MedImmune* "sufficient immediacy and reality" standard in finding that there was no declaratory judgment jurisdiction over the counterclaims in that case.

Although not entirely clear from its brief, it appears that UBT concedes, which it must, that there is no longer a controversy between MMJK and UBT regarding the '154 patent in view of MMJK's covenant not to sue. As a result, UBT shifts the Court's attention to MMJK's pending patent application. To that end, UBT would have this Court believe that simply because MMJK has a pending patent application that may issue in the future, an actual case or controversy remains between the parties so as to provide this Court with continued jurisdiction over UBT's declaratory judgment counterclaims relating to the '154 patent. In other words, UBT is attempting to create a present controversy over the

-2-

'154 patent by bootstrapping the '154 patent to the pending application. UBT's argument is misplaced for two reasons.

First, the potential of a future controversy between MMJK and UBT regarding MMJK's pending patent application does not create a <u>present</u> case or controversy of "sufficient immediacy and reality" to warrant declaratory judgment jurisdiction. *Benitec*, 495 F.3d at 1346-47 ("a claim for future patent infringement lacked a sufficient allegation of immediacy to support a declaratory judgment action"), *citing Telectronics Pacing Systems, Inc. v. Ventritex, Inc.*, 982 F.2d 1520, 1527 (Fed. Cir. 1992).

Second, even if MMJK's pending application did create a present controversy between the parties, the controversy would be over the pending application, not the '154 patent. UBT's declaratory judgment counterclaims relate to the '154 patent, not to MMJK's pending patent application, and there is no longer an actual controversy between the parties concerning the '154 patent in view of the covenant not to sue.

The Federal Circuit expressly rejected a similar argument in *Amana Refrigeration*. In that case, Amana, the party seeking declaratory relief, argued that Quadlux's covenant not to sue based on the '005 patent "as it presently reads," subjected it to risk of further litigation on the '005 patent because of the potential grant of a reissue patent. As aptly explained by the Federal Circuit:

> We rejected this argument in *Spectronics Corp. v. H.B. Fuller Co.*, 940 F.2d 631, 637, 19 U.S.P.Q. 2d (BNA) 1545,1550 (Fed. Cir. 1991), holding that 'although Spectronics may have some cause to fear a suit for future infringement of substantively non-identical claims after reissue, it has no cause for concern that can be held liable for practicing the invention claimed in the '366 patent.' Here, as in Spectronics, the future existence of a reissue patent is wholly speculative and, therefore, cannot create a present controversy. *Amana Refrigeration*, 172 F.3d at 855-56.

Thus, according to the Federal Circuit, the potential for a <u>future</u> controversy between the parties on a reissue patent does not translate into a <u>present</u> controversy on the original patent given a covenant not to sue on the original patent. Similarly, even though MMJK's pending patent application may issue in the future, there is no longer a present controversy between MMJK and UBT. Given the covenant not to sue on the '154 patent, UBT has "no cause for concern that it could be held liable for practicing the

-3-

invention claimed" in the '154 patent, which is the only question the Court needs to answer affirmatively in order to dismiss the pending counterclaims.

In short, there is currently no controversy between MMJK and UBT of "sufficient immediacy and reality" regarding the '154 patent to support declaratory judgment jurisdiction, notwithstanding MMJK's pending patent application.

### B. UBT Would Not Lose Customers Or Its Reputation If The Complaint And Counterclaims Were Dismissed

UBT further contends that "loss of customers and reputation creates an actual controversy." (Memo. at p. 8.) UBT is attempting to equate itself with the declaratory judgment plaintiff, WS, in *WS Packaging Group, Inc. v. Global Commerce Group, LLC*, 2007 U.S. Dist. LEXIS 34880 (D.I. No. 47-3). In *WS Packaging*, the covenant not to sue was expressly limited to WS and to those customers of WS with whom WS had contracted to indemnify from suit from Global. Because of this limited covenant, the court found that the covenant did not remove the imminent injury to WS. WS had to indemnify customers or face the potential loss of its customer base and reputation since its customers could be sued by Global. Accordingly, the court found that the limited covenant not to sue was insufficient to remove the controversy between WS and Global.

In comparing the *WS Packaging* case to the present case, UBT argues that "[s]imilarly, without adjudication of UBT's counterclaims, UBT faces the loss of its customer base and reputation." (Memo. at. P. 8.) There is nothing "similar" about the facts of this case and *WS Packaging*. MMJK's covenant not to sue did not reserve any rights with respect to UBT's customers. More importantly, MMJK could not sue UBT's customers, i.e., game tournament players, for infringement of the '154 patent because the claims of the '154 patent are not infringed by players who simply play poker at UBT's websites. Thus, UBT is not losing, and will not lose, customers as a result of the '154 patent because MMJK has promised never to sue UBT for infringement of the '154 patent.

Further, UBT contends that MMJK has and will continue to assert the '154 patent to provide it an advantage on the marketplace. (D.I. No. 46, p. 8.) Aside from being pure conjecture and hypothetical, this makes no sense. What possible advantage over UBT could MMJK make of a patent

-4-

that it agreed not to assert against UBT? UBT's "loss of customers and reputation" argument as a basis for creating an actual controversy is a red herring.

### C.    UBT Is Not Entitled To Attorneys Fees

MMJK does not dispute that UBT is the "prevailing party" as a result of the covenant not to sue. However, this does not "entitle" it to its attorneys fees. Under 35 U.S.C. § 285, the "court in exceptional cases <u>may</u> award reasonable attorney fees to the prevailing party." (Emphasis added.) UBT overlooks these critical preconditions and instead argues that it is "entitled" to its attorneys fees as a matter of right simply because it is the "prevailing party." UBT is wrong. There was no finding in this Court's preliminary injunction order that this is an "exceptional case" within the meaning of 35 U.S.C. § 285. (D.I. No. 36.) Moreover, even if there was such a finding, an award of attorneys fees is within the discretion of the Court. In short, UBT is not entitled to attorneys fees.

Regarding costs, again, while MMJK agrees that UBT would be considered the prevailing party under Fed.R.Civ.P. 54(d) for costs, there were no depositions and no documents produced in this case. Therefore, there should be no costs pursuant to 28 U.S.C. § 1920 to award UBT anyway.

## III.    CONCLUSION

Since the Court no longer has jurisdiction over UBT's counterclaim, this Court should dismiss the complaint with prejudice pursuant to Fed.R.Civ.P. 41(a)(2) and UBT's counterclaims for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1).

Dated: October 29, 2007                                DERGOSITS & NOAH LLP

                                                By: /s/ Todd A. Noah
                                                    Todd A. Noah
                                                    Attorneys for Plaintiff MMJK, INC.

MMJK'S REPLY MEMORANDUM IN SUPPORT ITS
MOTION TO DISMISS THE COMPLAINT AND COUNTERCLAIMS
Case No. C 07 03236 BZ