# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MMJK, INC.,<br><br>    Plaintiff(s),<br><br>  v.<br><br>ULTIMATE BLACKJACK TOUR LLC,<br><br>    Defendant(s). | No. C07-3236 BZ<br><br>**ORDER DISMISSING COMPLAINT AND COUNTERCLAIM** |

Having read plaintiff's Motion to Dismiss, defendant's Opposition and plaintiff's Reply, **IT IS HEREBY ORDERED** as follows:

    1.  There is no need for oral argument and the hearing scheduled for December 5, 2007 is **VACATED**.

    2.  Plaintiff's motion to dismiss the complaint with prejudice is **GRANTED**.

    3.  The motion to dismiss the counterclaim seeking a declaratory judgment of non-infringement, invalidity and unforceability, is **GRANTED**, in view of plaintiff's unconditional covenant not to sue defendant in the future on

1

```
 1  any claim for infringement of the '154 Patent.  This covenant
 2  not to sue has rendered moot the counterclaim since the patent
 3  will never be enforced against defendant.  Benitec Australia,
 4  Ltd. v. Nucleonics, Inc., 495 F.3d 1340 (Fed.Cir. 2007);
 5  Crossbow Technology, Inc. v. YH Technology, 2007 WL 2408879
 6  (N.D. Cal.).
 7       4.  To the extent that defendant's opposition is premised
 8  on an expectation that it will be awarded attorney's fees, it
 9  is misguided.  While it is the prevailing party for purposes
10  of an award of legally recoverable costs under Rule 54(d)(1),
11  Highway Equipment Co. v. FECO, Ltd., 469 F.3d 1027, 1035 (Fed.
12  Cir. 2006), in patent disputes fees are only awarded in
13  exceptional cases at the court's discretion.  35 U.S.C. § 285.
14  Having presided over the preliminary injunction hearing, and
15  understanding the issues, I conclude that this is not an
16  exceptional case that would warrant the imposition of fees on
17  the plaintiff.  To the extent defendant has requested a fee
18  award in its Opposition, the request is **DENIED**.
19       5.  To the extent that the defendant is concerned about
20  patents plaintiff may obtain in the future, or that plaintiff
21  will somehow harm its reputation in the future, such concerns
22  presently are not sufficiently concrete to present an actual
23  controversy that warrants a declaratory judgment proceeding.
24  Benitec, supra, at 1345-47.  Plaintiff's release is much
25  broader than the release at issue in WS Packaging,
26  ///
27  ///
28  ///
```

1  <u>Inc. v. Global Commerce Group, LLC</u>, 2007 U.S. Dist. Lexis
2  34880 (E.D. Wisc.).
3  Dated:   November 7, 2007

5                                      _____
                                              Bernard Zimmerman
6                                       United States Magistrate Judge

26 G:\BZALL\-BZCASES\MMJK V.ULTIMATE BLACKJACK\ORDER DISM.COMPLAINT.COUNTERCLAIMS.wpd